IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO.: 4:16-cv-180 |
| v. | ) ) COMPLAINT |
| CHEMTRUSION, INC., | ) ) |
| Defendant. | ) JURY TRIAL DEMAND ) ) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Edwin Blake, Kevin Ratliff, Brandon Giffen, Cameron Schmidt, and a class of applicants for production positions at Defendant's Jeffersonville, Indiana, facility, who were adversely affected by such practices.

As alleged with greater particularity in paragraphs 13 and 14 below, the Equal Employment Opportunity Commission ("the "Commission") alleges that Chemtrusion, Inc. ("Defendant Employer") refused to hire Edwin Blake, Kevin Ratliff, Brandon Giffen, Cameron Schmidt, and a class of qualified applicants for production positions due to disability/perceived disability, and failed to consider reasonable accommodation, in violation of the ADA. The Commission further alleges that Defendant employer violated the ADA by administering an applicant medical examination before collecting all non-medical information regarding the applicants.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the South District of Indiana, New Albany Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer, a Delaware corporation, has continuously been and is now doing business in the State of Indiana and the City of Jeffersonville, and has continuously had more than 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5) and (7), which incorporate by reference Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. § 2000-e(b), (g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than 30 days prior to the institution of this lawsuit, Edwin Blake filed a charge (470-2013-0104) with the Commission alleging violations of the ADA by Defendant Employer.

8. On March 10, 2016, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA was violated in regard to the administration of unlawful medical examinations and the exclusion of Blake and a class of qualified applicants based upon these medical examinations. The Commission's Letter of Determination invited Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. Between March 10 and April 24, 2016, the Commission engaged in communications with Defendant Employer to provide the opportunity to remedy the discriminatory practices described in the Letter of Determination referenced above in paragraph 8.

10. The Commission was unable to secure from Defendant Employer a conciliation agreement that was acceptable to the Commission.

11. On April 28, 2016, the Commission issued to Defendant Employer a Notice of Failure of Conciliation for Charge No. 470-2013-0104.

12. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least January 1, 2012, Defendant Employer has engaged in unlawful employment practices in violation of Sections 102(a), 102(b)(2), 102(b)(3)(A), 102(b)(5)(A) and (B), and 102(b)(6), of Title I of the ADA, 42 U.S.C. § 12112, by failing to hire Edwin Blake and a class of applicants with disabilities or perceived disabilities, because of disability. These practices include:

    A. Refusing to hire Edwin Blake, a qualified applicant, for a Production Operator position due to Mr. Blake's disability, monocular vision (which imposes a substantial limitation on his vision in its unameliorated state) and/or regarding Blake as having a disability.

    B. Failing to perform an individualized analysis of whether Blake could safely perform the Production Operator position despite Blake having significant experience operating a forklift.

    C. Failing to engage in good-faith efforts to explore reasonable accommodation, to the extent a reasonable accommodation was necessary for Blake to perform the Production Operator position.

    D. Refusing to hire Brandon Giffen, a qualified applicant, for a Production Operator position because of his impairments, degenerative disc disease and sciatica.

    E. Requiring Giffen, as a condition of employment, to submit a note from his doctor stating that he had no restrictions and would not be taking any pain medication.

    F. Failing to perform an individualized analysis of whether Giffen could safely perform the Production Operator position despite Giffen: (1) indicating that he was not currently taking pain medication; (2) signing a release for his MRI; (3) previously

performing physically demanding work; and (4) offering to provide a note from his primary care physician in lieu of a note from his neurologist who had since closed his practice.

      G.      Refusing to hire Kevin Ratliff, a qualified applicant, for a Blender position because of Ratliff's impairment, Ankylosing Spondylitis and the effects from prescribed medication.

      H.      Failing to perform an individualized analysis of whether Ratliff could safely perform the Production Operator position despite Ratliff: (1) denying that he had any medical restrictions and (2) having previous experience performing demanding jobs and operating machinery.

      I.      Refusing to hire Cameron Schmidt, a qualified applicant, for a Production Operator position because of Schmidt's impairments, Post Traumatic Stress Disorder, Intermittent Explosive Anger Disorder and the effects from prescribed medication.

      J.      Failing to perform an individualized analysis of whether Schmidt could safely perform the Production Operator position despite Schmidt: (1) providing his medical file which indicated that he took prescribed medication; (2) denying side effects from the prescribed medication; (3) having previous forklift experience; and (4) indicating that he had served in the military, without problem, while taking the prescribed medication.

      K.      Refusing to hire a class of qualified applicants for production positions because of disability and/or regarding the applicants as disabled.

      L.      Failing to accommodate a class of disabled qualified applicants for production positions.

14. Since at least January 1, 2012, Defendant Employer has engaged in unlawful employment practices in violation of Sections 102(d)(2)(A) and 102(d)(3)(C) of Title I of the ADA, 42 U.S.C. § 12112 by administering medical examinations to job applicants before collecting all non-medical information on the applicants.

15. The effect of the practices complained of in paragraph 13 has been to deprive Blake, Giffen, Ratliff, Schmidt and a class of applicants of equal employment opportunities, and otherwise adversely affect their status as applicants because of disability.

16. The effect of the practices complained of in paragraph 14 has been to deprive a class of job applicants of equal employment opportunities and otherwise adversely affect their status as applicants.

17. The unlawful employment practices complained of in paragraph 13 and 14 were intentional.

18. The unlawful employment practices complained of in paragraph 13 were done with malice or with reckless indifference to the federally protected rights of Blake, Ratliff, Giffen, Schmidt and a class of applicants.

19. The unlawful employment practices complained of in paragraph 14 were done with malice or with reckless indifference to the federally protected rights of a class of job applicants.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from any employment practice which discriminates on the basis of disability.

  B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities , and which eradicate the effects of its past and present unlawful employment practices.

  C. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from conducting medical examinations or obtaining medical information from job applicants until all non-medical information has been obtained from or concerning the applicants.

  D. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from excluding applicants from production positions due to disability or perceived disability and failing to consider reasonable accommodation.

  E. Order Defendant Employer to make whole Blake, Giffen, Ratliff, Schmidt and the class of applicants by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement, or award front pay in amounts to be proven at trial if reinstatement is impractical.

  F. Order Defendant Employer to make whole Blake, Giffen, Ratliff, Schmidt and the class of applicants by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

  G. Order Defendant Employer to make whole Blake, Giffen, Ratliff, Schmidt and the class of applicants by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional distress, loss of

enjoyment of life, loss of self-esteem, embarrassment, anxiety and inconvenience, in amounts to be determined at trial.

    H.    Order Defendant Employer to pay Blake, Giffen, Ratliff, Schmidt, and the class of applicants punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

    I.    Grant such further relief as the Court deems necessary and proper.

    J.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Washington, D.C.

*s/Kenneth L. Bird*
KENNETH L. BIRD,
Regional Attorney, #10780-02

*s/Nancy Dean Edmonds*
NANCY DEAN EDMONDS,
Supervisory Trial Attorney,

*s/Aarika D. Mack-Brown*
AARIKA D. MACK-BROWN
Trial Attorney, #25006-49

*s/Robin M. Lybolt*
ROBIN M. LYBOLT
Trial Attorney, #20999-30

        EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN  46204
(317) 226-7229
Aarika.Mack-Brown@eeoc.gov
Robin.Lybolt@eeoc.gov